UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBERTO SUAREZ,

v.  Case No. 3:05-cr-393-J-33MCR
　　　3:09-cv-678-J-33MCR

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Suarez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-627). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

Procedural History

On June 1, 2006, Suarez pled guilty to Count One of the Indictment to the lesser included offense of conspiracy to distribute 100 kilograms or more of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Doc. cr-349, 350).

On November 29, 2007, the Court sentenced Suarez to be imprisoned for a total term of forty-one months as to Count One of the Indictment. Count Three of the Indictment was dismissed on the Government's motion. (Doc. cr-577). Judgment was entered November 29, 2007. (Doc. cr- 578). Suarez did not file a direct appeal.

Suarez signed the present motion to vacate on July 13, 2009. The motion to vacate is time-barred.

Discussion

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. In the present case, the conviction became final on December 13, 2007, ten days after the judgment was entered. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Therefore, Suarez had until December 14, 2008, to timely file a motion to vacate. He did not sign the present motion to vacate until July 13, 2009. Therefore, the motion to vacate is time-barred.

Equitable Tolling

Suarez claims that he told his attorney to file a notice of appeal and that his attorney did not do so. Suarez states, in ground one of his motion to vacate:

The Petitioner asked his attorney for him to submit some objections in is [sic]

PSI. (some of it are presented in this motion). his [sic] attorney told him that he will, but at the time of the Petitioner sentence, he found out that his attorney did not object to what the Petitioner ask for, the petitioner then told him to submit a notice to appeal, he said that once he go back to county jail, he will visit him and discuss that issue, [sic] The petitioner got tired of waiting for his visit he never showed up. [sic] Mr. Suarez got transfered [sic] to another facility and never heard from his attorney.

Suarez's statement of facts demonstrates that he did not diligently pursue having his attorney file an appeal for him, and did not attempt to find out whether an appeal had been filed. He states "Mr. Suarez left everything in the hands of his lawyer who promissed [sic] him that he would do everything to help him, and that he worked for Mr. Alverto Suarez not for the Court." Suarez does not state that he ever attempted to contact his attorney or any court of appeal to determine whether an appeal had been filed.

In short, Suarez has not shown that due diligence or extraordinary circumstances entitle him to equitable tolling.

Accordingly, the Court orders:

That Suarez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-627) is denied. The Clerk is directed to enter judgment against Suarez in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).

To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 28, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


AUSA: Julie Hackenberry Savell
Alberto Suarez